### McSKIMIN v. KNOWLTON.

*(Common Pleas of New York City and County, Special Term.  April 29, 1891.)*

SUPPLEMENTARY PROCEEDINGS — EXEMPTIONS — PERSONAL SERVICES OF JUDGMENT DEBTOR.

> Money earned by a photographer doing his own work, and having little or no assistance, is within Code Civil Proc. N. Y. § 2463, which exempts the earnings of a judgment debtor for his personal services, rendered within 60 days next before the institution of supplementary proceedings, from seizure for the debt, where it is made to appear by his oath that those earnings are necessary for the use of a family wholly or partly supported by his labor.

At chambers. Plaintiff, McSkimin, obtained a judgment against defendant, Knowlton, and instituted supplementary proceedings against him. Plaintiff now moves that defendant be punished for contempt for an alleged violation of the injunction order served on him in such proceedings.

*William B. Waring,* for the motion.    *A. V. Campbell,* opposed.

BOOKSTAVER, J.  From an examination of the affidavits submitted it appears that the judgment debtor is a photographer, doing nearly all his own work; that he had collected certain moneys after the service of the injunction order upon him, but which were earned within 60 days next before the service of such order; that he is a married man, having a family to support; that the moneys so collected were used for the absolute needs of his family; and the question is whether money earned by a photographer doing his own work, and having little or no assistance in the business, comes within an exemption contained in section 2463 of the Code, which provides that the earnings of a judgment debtor for his personal services rendered within 60 days next before the institution of the proceedings shall not be seized for debt, where it is made to appear by his oath that those earnings are necessary for the use of a family wholly or partly supported by his labor. My first impression was that this exemption applied exclusively to earnings derived from personal services rendered to others in a subordinate or inferior capacity, as the wages of a laborer, the salary of a clerk, etc., and was not intended to cover the earnings of one who carried on an independent business on his own account, where, from the necessity of the case, there must be some hazard of loss as well as opportunity of greater gain, and where some money and credit are required; but I find on further examination that the courts have construed the term "personal service" to include earnings derived from a business, where the services are the chief factor in it. Thus one who sells goods

consigned to him at a fixed price, and is entitled to any excess he can make on the sale of them as his commissions, has been held entitled to his profits, and that he was not guilty of contempt in paying them away to discharge expenses necessarily incurred in running his business. *Sandford* v. *Goodwin*, Daily Reg. March 11, 1881. So, too, it has been held that the proprietor of a private school, paying rent and incurring obligations in the business, was entitled to tuition fees paid in advance by his patrons. *Miller* v. *Hooper*, 19 Hun, 394. The case of *Gillett* v. *Hilton*, 11 Civil Proc. R. 108, cited by plaintiff's counsel, instead of supporting his contention, is an authority in favor of the view above expressed, for in that case the judgment debtor was the agent for three flouring mills, receiving commissions for the flour sold during each month at the end of that month. After the service of the supplemental proceedings he had collected and paid out in all $175, $65 of which was necessarily paid for rent, groceries, etc., and the remainder, $110, was used to repay money borrowed for the support of his family. The court held that the debtor had no right to repay the money borrowed, even although used for household purposes, and that it was a mere debt, and consequently that he had violated the injunction in repaying it, and imposed a fine of $110, the amount so paid; but did not impose a fine for the moneys used for household expenses, etc., thus clearly showing that the court deemed the amount paid for these purposes exempt. So, too, it has been held that the sums due a physician for his services were exempt. I therefore think the former order in this matter should be set aside, and the motion to punish for contempt should be denied, but I arrive at this determination with some reluctance, as I know that such a conclusion, although required by the decisions, cannot but work hardship in many cases, of which the one under consideration is an example, for in this case whatever the debtor earns or may be able to earn is only because of the work, labor, and services of a carpenter in fitting up debtor's photographic establishment upon a fashionable thoroughfare, and the conclusion to which I have arrived tends to deprive him of his honest earnings. While a due regard should be had for the misfortunes of the debtor, it is not well to lose sight of the hardship worked upon the creditor. I do not wish to be understood as holding that money earned in the photographic business under all circumstances, or even generally, would be exempt, but in this case it appears that the earnings were made by the debtor's own labor, with little or no assistance, and therefore I think it falls within the decisions before cited.